**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

RODERICK T. ALLEN, # N-94327,      )
                                           )
                 Plaintiff,      )
                                           )
        vs.                     )     Case No. 14-cv-98-MJR
                                           )
LIEUTENANT CARTWRIGHT,       )
RICHARD HARRINGTON,          )
AIMEE LANG,                     )
and B. EASTON,                )
                                         )
            Defendants.     )

# <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

       This matter is before the Court for review of Plaintiff's First Amended Complaint, filed on June 2, 2014 (Doc. 10), and consideration of his motion for leave to proceed in forma pauperis (IFP) (Doc. 3).

       Plaintiff is incarcerated at Menard Correctional Center ("Menard"). He sues several Defendants whom he holds responsible for causing him to lose an excessive amount of weight, and preventing him from consulting a doctor to evaluate his weight loss. He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on January 27, 2014.

       After concluding that the original complaint failed to state a claim or establish that Plaintiff was in imminent danger of serious physical injury,[1] the undersigned Judge ordered Plaintiff to submit an amended complaint by April 22, 2014, if he wished to pursue his claim over the excessive weight loss (Doc. 4). Plaintiff twice requested, and was granted, extensions

---

[1] Plaintiff must show that he is in imminent physical danger before he may proceed IFP, because he has "struck out." *See* 28 U.S.C. § 1915(g).

of that deadline (Docs. 7 & 9).

**The First Amended Complaint Doc. 10)**

Plaintiff asserts that he has lost approximately 35 pounds since March 2008 (Doc. 10, p. 8; Doc. 10-1, pp. 3-4).  His medical records indicated that he weighed 170 pounds in March 2008, which he describes as his normal weight.  However, when he was weighed during a March 24, 2014, medical visit, his weight was between 133 and 144 pounds (Doc. 10-1, pp. 3-4).  He describes his physical appearance as "emaciated to the point of appearing to be no more than skin and bones" (Doc. 10, p. 8).

In November and December 2013, Plaintiff began requesting to see a doctor about his weight loss, but Defendant Lang (certified medical technician) refused to allow him to go to sick call or consult a doctor (Doc. 10, p. 5, 8-9).  More recently, in May 2014, Defendant Lang first told Plaintiff his doctor's appointment could be rescheduled, but later refused to make him a new appointment (Doc. 10-1, pp. 6-8).  These claims suggest that Plaintiff still has not seen the doctor.

Defendant Lt. Cartwright, who supervises Plaintiff's cell house, failed to respond to Plaintiff's emergency grievances over his request to see a doctor about his excessive weight loss (Doc. 1, p. 7).  Defendant Harrington (former Menard Warden) likewise failed to respond to Plaintiff's emergency grievances over his weight loss (Doc. 10, p. 8).

Plaintiff describes several occasions between January and May 2014 when his portions of food were reduced, or his requests for extra food were denied (Doc. 10, pp. 4-5; Doc. 10-1, pp. 10-12; Doc. 10-4, p. 6).  He claims that Defendant Officer Easton was responsible for at least some of the food limitations.  At times Plaintiff was served less than one-half of the normally provided amounts (Doc. 10, p. 10).  In April-May 2014, Defendant Easton was off for a

three-week vacation, and during that time the amount of food served was sufficient.  However, upon Defendant Easton's return, the rations suddenly dropped by half (Doc. 10-1, pp. 10-11). Plaintiff complained to Defendant Easton about the reduced portions, and informed him of his need for adequate food in light of his 35-pound weight loss, but Defendant Easton took no action to correct the problem (Doc. 10-1, p. 12).

Plaintiff also includes affidavits, grievances, and administrative responses relating to Plaintiff being forced into a two-man cell and suffering an attack by his cellmate (Doc. 10-1, pp. 14-17; Doc. 10-2, pp. 2-4).  The forced cell moves were at the hands of officers who are not named Defendants in this action.[2]  Plaintiff states that on April 9, 2014, he had been refusing food for 14 days in protest of these events (Doc. 10-1, p. 16); however, the grievance officer's response states that his hunger strike was documented to last only four days (Doc. 10-2, p. 2).

On an earlier occasion, Plaintiff filed grievances noting that he was on a hunger strike in July and August 2013 to protest several matters, including the denial of his request to be in a single cell (Doc. 10-3, pp. 1-6).  Plaintiff indicates that his hunger strike lasted for 27 days before he ended it on August 13, 2013, because he was too weak to continue (Doc. 10-3, pp. 1, 3-4).  The responding grievance officer could not confirm that Plaintiff had been on a hunger strike during that time (Doc. 10-2, p. 14).

Plaintiff seeks detailed injunctive relief, including medical evaluation and care for his excessive weight loss, extra portions of food until he reaches his normal body weight, placement in a single-man cell because he is too physically weak to defend himself, and transfer to another prison (Doc. 10, pp. 11-13).  He does not seek monetary compensation unless he is released, in which case he asks for payment of medical and food expenses.

---

[2] These allegations have been the subject of other lawsuits brought by Plaintiff and shall not be addressed further herein.

**Motion for Leave to Proceed IFP (Doc. 3)**

Under 28 U.S.C. § 1915:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had the following actions dismissed prior to the filing date of the instant case, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:  *Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); and *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013). Because Plaintiff had three "strikes" for purposes of § 1915(g) before he brought this action, he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

"Imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP."  *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In the First Amended Complaint, Plaintiff claims that he has experienced a significant weight loss of approximately 35 pounds, down from his normal weight of 170 pounds.  It is not clear what caused this drop in weight that occurred over a four to five year time

frame; some of the weight loss may have been self-inflicted when Plaintiff chose to engage in hunger strikes in order to coerce prison officials to meet his demands.   However, his allegations that medical staff have refused to allow Plaintiff's weight loss and emaciated physical condition to be evaluated by a doctor, and his claim that his food portions have been insufficient to maintain or regain a healthy weight, satisfy the imminent danger requirement of § 1915(g) at this stage of the case.   The amount and duration of Plaintiff's weight loss suggest that he may suffer from some underlying illness, and may be at risk of harm from his current condition.   These concerns meet the § 1915(g) requirement as of the date this action was filed, and the amended complaint indicates that the danger to Plaintiff's health has not abated in the intervening months. Accordingly, his motion for leave to proceed IFP in this matter (Doc. 3) is **GRANTED.**

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.   Accepting as true the allegations in Plaintiff's First Amended Complaint (Doc. 10), the Court finds that he has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:**  Eighth Amendment claim against Defendant Lang for deliberate indifference to Plaintiff's serious medical need for evaluation/treatment of his significant weight loss;

**Count 2:**  Eighth Amendment claim against Defendant Easton for deliberate indifference to Plaintiff's need for adequate food to regain his normal weight and avoid further weight loss.

However, Plaintiff has failed to state a claim upon which relief may be granted against either Defendant Cartwright or Defendant Harrington.   He faults both of these Defendants for failing to respond (or obtain a response) to his emergency grievances regarding

his weight loss and the denial of his requests for medical care.  However, the failure to respond to grievances does not violate the Constitution.

The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Thus, the failure to investigate or respond to Plaintiff's grievances on the part of Defendants Cartwright or Harrington will not support an independent constitutional claim.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli*, 81 F.3d at 1430.  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff does not allege that either Defendant Cartwright or Defendant Harrington refused his requests for medical attention or interfered with his attempts to see a doctor.  They merely failed to respond to his complaints that the medical staff was not helping him.  These claims do not suggest that Defendant Cartwright and Defendant Harrington were "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Furthermore, a warden or other higher official cannot be held liable in a civil rights case for the wrongdoing of a subordinate, merely because the warden holds supervisory authority.  *Id.* (the doctrine of *respondeat superior* is not applicable to § 1983 actions).  For these reasons, Defendants Cartwright and Harrington shall be dismissed from this action with prejudice.

However, because Plaintiff is seeking injunctive relief, the current Warden of Menard is an appropriate Defendant, as the Warden would be responsible for implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). Therefore, the Clerk shall be instructed to add the Warden of Menard as a party to this action.

**Motion to Copy (Doc. 11)**

Plaintiff's motion (Doc. 11) for a free replacement copy of the order at Doc. 7 is **DENIED.** That text-entry order simply granted Plaintiff's first motion for an extension of time to file his amended complaint, and is no longer relevant to the case.

**Motion for Additional Food Trays – Emergency Relief Requested (Doc. 12)**

On July 1, 2014, Plaintiff filed a motion requesting that he be provided with additional food trays so that he might regain the weight he has lost. He claims that he is suffering from advanced malnutrition, has symptoms including dizziness, weakness, and fatigue, and has still not been allowed to see a doctor for evaluation (Doc. 12, p. 3). He also seeks other relief outside the scope of the claims made in his complaint, such as private access to the outdoor yard facility (Doc. 12, p. 2).

This motion shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for expedited disposition, as directed below.

**Disposition**

The Clerk is **DIRECTED** to add the following party Defendant to this action:

**WARDEN OF MENARD CORRECTIONAL CENTER.**

Defendants **CARTWRIGHT** and **HARRINGTON** are **DISMISSED** from this

action with prejudice, as the First Amended Complaint fails to state a claim against them upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **LANG, EASTON,** and **WARDEN OF MENARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for additional food trays/emergency relief (Doc. 12) is hereby **REFERRED** to United States Magistrate Judge Williams, who shall resolve the request for injunctive relief as soon as practicable, and issue a report and recommendation.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 7, 2014**

s/ MICHAEL J. REAGAN
United States District Judge