IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-0098-MJR-SCW |
| | ) |
| AIMEE LANG, | ) |
| B. EASTON, | ) |
| and KIM BUTLER, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

On July 8, 2014, the undersigned Judge granted Plaintiff's motion to proceed *in forma pauperis* or "IFP" (Doc. 13) in this civil rights lawsuit filed under 28 U.S.C. 1983. Although the Court found Plaintiff had three "strikes" for purposes of 28 U.S.C. 1915(g) and thus should not be able to proceed IFP in this case, Plaintiff had alleged that he was in imminent danger of a serious physical harm (the complaint alleged that he experienced significant weight loss which doctors had refused to treat).[1]

So, the Court allowed Plaintiff to proceed IFP under the "imminent danger" exception and referred Plaintiff's preliminary injunction request to Magistrate Judge Stephen C. Williams.

---

[1] More specifically, on threshold review under 28 U.S.C. 1915A, the undersigned concluded that Plaintiff had articulated two claims under the Eighth Amendment to the United States Constitution: Count 1, against Defendant Lang for deliberate indifference to Plaintiff's serious medical need for evaluation and treatment of significant weight loss; and Count 2, against Defendant Easton for deliberate indifference to Plaintiff's need for adequate food to regain his normal weight and avoid further weight loss. Shortly after filing his amended complaint, Plaintiff filed two motions seeking preliminary injunctive relief. Defendant Butler (the Warden of Menard Correctional Center, where Plaintiff was confined) was added as a Defendant for the purposes of the request for injunctive relief contained in Plaintiff's amended complaint.

Having now ruled on Plaintiff's requests for preliminary injunction (via December 9, 2014 disposition of Magistrate Judge Williams' Report and Recommendation and Plaintiff's objections thereto) and having found Plaintiff *not* entitled to a preliminary injunction (as there was no indication that he was suffering from malnutrition or that he was medically entitled to additional food) the Court *sua sponte* reconsiders Plaintiff's pauper status.

Title 28 U.S.C. 1915 permits federal courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees." That authority, however, is constrained by Section 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision commonly is referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a strike for purposes of Section 1915(g). If a prisoner accumulates three strikes, he is unable to proceed IFP, unless he is under imminent danger of serious physical injury.

Put another way, a court reviewing a prisoner's motion to proceed IFP must determine whether the prisoner has accumulated three or more prior strikes. If so, the prisoner cannot proceed IFP (unless he is under imminent danger of serious physical injury). Although Section 1915 does not define the point at which an action is "brought," Rule 3 of the Federal Rules of Civil Procedure provides that a "civil action is commenced by filing a complaint with the court." It is axiomatic that a civil action is "brought" when the action is commenced under Rule 3. Thus, a civil action is brought for purposes of Section 1915(g) when a complaint is filed with a court.

The Court previously found that Plaintiff had three strikes, in that he had three actions that had been dismissed as frivolous, malicious, or failing to state a claim. *See Allen v. Chapman, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); Allen v. Godinez, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012);* and *Allen v. Harrington, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013).* While, the Court initially allowed Plaintiff to proceed IFP herein due to the allegation of imminent danger, the Court on December 9, 2014 (Order at Doc. 118) determined that this claim was baseless. In adopting Judge Williams' Report and Recommendation denying Plaintiff's preliminary injunction request, this Court concluded that Plaintiff was not suffering from malnutrition as alleged in his complaint. The Court accepted Judge Williams' observations (following an evidentiary hearing) that Plaintiff was neither skeletal nor emaciated, and that Plaintiff appeared muscular, fit, and healthy. The undersigned also found no evidence that Plaintiff was being denied medical care.

The Court now finds that there is no evidence that Plaintiff is in "imminent danger of a serious physical injury." Thus, Plaintiff may no longer proceed IFP. Plaintiff's leave to proceed *in forma pauperis* is hereby **REVOKED.** Plaintiff is **ORDERED to pay the full filing fee of $350 for this action on or before January 23, 2015.** If Plaintiff does not comply with this directive by that deadline, **THIS CASE WILL BE DISMISSED** for failure to comply with an Order of the Court. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). The Court **STAYS** all matters in this case until Plaintiff has complied with this Order.

As to the stay, one point bears discussion. While this Order was being drafted, Plaintiff sought to extend two deadlines. He filed one motion asking Judge Williams to extend the deadline to file an "appeal" to the undersigned District Judge (under Local Rule 73.1 of this District) from Magistrate Judge Williams' Order at Doc. 121. Yesterday (see Doc. 129), Judge Williams granted that

extension and gave Plaintiff until January 12, 2015 to file any "appeal" to the undersigned from Judge Williams' Order at Doc. 121. **That January 12th deadline is now stayed/suspended until Plaintiff pays his filing fee herein.** In other words, Plaintiff must pay his filing fee before filing his Rule 73.1 appeal from Judge Williams' Order at Doc. 121.

By separate motion filed December 23, 2014 (Doc. 125), Plaintiff asks the undersigned to extend the time – "**from 1/9/2015 to 3/9/2015**" – to "file for reconsideration/appeal of" the Court's December 9, 2014 Order (found at Doc. 118). It is not clear what deadline Plaintiff seeks to extend here, but he seems to reference an actual appeal from this District Court to the Circuit Court. To the extent Plaintiff seeks to file an interlocutory appeal to the United States Court of Appeals for the Seventh Circuit from this Court's December 9, 2014 Order, the undersigned **GRANTS IN PART** the request under Federal Rule of Appellate Procedure 4(a)(5)(A) (permitting extension on showing of excusable neglect or good cause). The Court lacks authority to extend the appeal-filing deadline to March 9, 2015, *see* **FED. R. APP. P. 4(a)(5)(C)**, but will grant the fullest extension permissible. **The deadline to file a notice of appeal from this Court's December 9, 2014 Order is extended to February 7, 2015.** The motion (Doc. 125) is **DENIED** in all other respects. (The Court lacks authority to extend to 3/9/15 the deadline for a motion under Federal Rule of Civil Procedure 59(e), and there is no true deadline to extend under Federal Rule of Civil Procedure 60(b), certainly not a "1/9/15" deadline.)

The Clerk of Court **SHALL** mail a copy of this Order to Plaintiff and to the Trust Fund Officer at the Menard Correctional Center *upon entry of this Order.*

IT IS SO ORDERED.

DATED December 31, 2014.

                                              **s/ Michael J. Reagan**
                                              Michael J. Reagan
                                              United States District Judge