IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  14-cv-0098-MJR-SCW |
| ) | |
| LT. CARTWRIGHT, ) | |
| RICHARD HARRINGTON, ) | |
| AIMEE LANG, ) | |
| B. EASTON, ) | |
| and KIM BUTLER, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO VACATE
DISMISSAL ORDER AND JUDGMENT**

**REAGAN, Chief Judge:**

On December 9, 2014, the undersigned District Judge denied Plaintiff's motions for preliminary injunctive relief (Doc. 118).  On December 31, 2014, this Court revoked Plaintiff's in forma pauperis (IFP) status (Doc. 130), after having found no evidence that Plaintiff was in "imminent danger" of a serious physical injury (Doc. 118).  The undersigned Judge ordered Plaintiff to pay his $350 filing fee for this action and stayed the case until Plaintiff complied with that directive (Doc. 130).  Before that deadline elapsed, Plaintiff filed two notices of appeal from the Court's December 9, 2014 Order. On July 15, 2015, the United States Court of Appeals for the Seventh Circuit dismissed Plaintiff's appeals (Docs. 170-172).

Once the case returned to this Court, the undersigned Judge reinstated the Order directing Plaintiff to pay his $350 district court filing fee (Doc. 173).  Plaintiff was

1

given until August 18, 2015 to pay the filing fee and warned that if he failed to pay his case would be dismissed (*Id*.). As of August 22, 2015, Plaintiff had neither paid the $350 filing fee nor sought additional time in which to do so. The undersigned Chief Judge entered an Order that day dismissing this case with prejudice based on Plaintiff's failure to comply with a court order and failure to pay the filing fee for this action. Judgment was entered August 24, 2015 (Doc. 175).

On September 1, 2015, Plaintiff filed a motion seeking to vacate the dismissal Order and judgment. As grounds for the motion, Plaintiff states only that he has petitioned the Court of Appeals to vacate the mandates on his prior appeal herein, and that his petition with the Court of Appeals was placed in the prison mailing system before the undersigned District Judge entered the dismissal Order for this case.

Motions asking the district court to reconsider or amend a judgment are analyzed under either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). ***See, e.g., Selective Ins. Co. of S. Carolina v. City of Paris*, 769 F.3d 501, 507 (7th Cir. 2014),** *quoting* ***Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010) ("if final judgment on all claims has been entered, the only avenues of relief are under Federal Rules of Civil Procedure 59(e) and 60(b).").**

Whether a given motion should be construed under Rule 59(e) or Rule 60(b) depends on the date the motion was filed (a 28-day deadline governs Rule 59(e) motions) and the substance of the motion, *not* on the label affixed to it. ***See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e)**

2

**motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.").** *See also Obriecht v. Raemisch,* **517 F.3d 489, 493-94 (7th Cir.)("it is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed"),** *cert. denied,* **555 U.S. 953 (2008).**

Rule 59(e) provides a mechanism for a litigant to seek to alter or amend a judgment within 28 days after the judgment was entered on the docket. Rule 59(e) motions serve a limited function – to correct manifest errors of law or fact or to present newly discovered evidence. *Seng-Tiong Ho v. Taflove,* 648 F.3d 489, 505 (7th Cir. 2011). *Accord Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014), *citing Boyd v. Tornier, Inc.,* 656 F.3d 487, 492 (7th Cir. 2011). In the case at bar, Plaintiff has identified no manifest error of law or fact in the Court's dismissal Order. Nor has he presented newly discovered evidence bearing on the issues underlying the dismissal. Accordingly, the Court **DENIES** Plaintiff's motion to vacate order and judgment (Doc. 176).

IT IS SO ORDERED.

DATED September 3, 2015.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

3