IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK ALLEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-0098-MJR-SCW |
| | ) |
| **LT. CARTWRIGHT,** | ) |
| **RICHARD HARRINGTON,** | ) |
| **AIMEE LANG,** | ) |
| **B. EASTON,** | ) |
| and **KIM BUTLER,** | ) |
| | ) |
| Defendants. | ) |

### ORDER ON OCTOBER 14, 2015 MOTIONS

**REAGAN, Chief Judge:**

In January 2014, Roderick Allen filed the above-captioned civil rights suits pursuant to 42 U.S.C. 1983. In March 2014, Allen sought (and was granted) leave to proceed in forma pauperis (IFP) herein. He filed a first amended complaint in June 2014. On threshold review of that complaint under 28 U.S.C. 1915A, the undersigned concluded that Allen had articulated two cognizable deliberate indifference claims under the Eighth Amendment to the United States Constitution. Shortly after filing the amended complaint, Allen filed two motions seeking preliminary injunctive relief.

In December 2014, the undersigned denied Allen's motions for preliminary injunctive relief (Doc. 118). The Court also revoked his IFP status, after finding no evidence that Plaintiff was in "imminent danger" of a serious physical injury (Doc. 130). The undersigned Judge ordered Allen to pay his $350 filing fee for this suit and stayed the case until he complied with that directive (Doc. 130). Before that deadline elapsed,

Allen filed two notices of appeal from this Court's December 2014 order denying preliminary injunctive relief. On July 15, 2015, the United States Court of Appeals for the Seventh Circuit dismissed both appeals (Docs. 170-172).

After the case was returned to this Court, the undersigned reinstated the order directing Allen to pay his district court filing fee by August 18, 2015 or face dismissal of the action (Doc. 173). When Allen had neither paid the filing fee nor sought additional time to do so by August 22, 2015, the undersigned dismissed the case (Doc. 175).

On September 1, 2015, Allen moved to vacate the dismissal order and judgment. The undersigned denied that motion on September 4, 2015 (Doc. 177), explaining that although Federal Rule of Civil Procedure 59(e) provides a mechanism for a litigant to alter or amend a judgment within 28 days after judgment was entered, Allen had identified no manifest error of law or fact in the Court's dismissal order and had not presented newly discovered evidence bearing on the issues underlying the dismissal.

On October 14, 2015, Allen filed a "Second Motion to Vacate Dismissal Order and Judgment" (Doc. 181) and "Motion for Recruitment of Counsel" (Doc. 182). The motion to vacate again takes issue with the Court's December 2014 denial of preliminary injunctive relief. Allen asserts that video recordings from May 2015 and July 2015 demonstrate that his physical condition continues to worsen and that he faces irreparable harm including "certain death" if his weight loss is not stopped.

Final judgment was entered in this case on August 24, 2015. Once final judgment has been entered in a civil case, a dissatisfied litigant's avenues of relief fall under Federal Rule of Civil Procedure 59(e) or 60(b). *See Abcarian v. McDonald*, **617 F.3d 931,**

**943 (7th Cir. 2010).** Whether a motion is construed under Rule 59(e) or Rule 60(b) depends on the date the motion was filed (a 28-day deadline governs Rule 59(e) motions) and the substance of the motion, not the label on the motion. *See Banks v. Chicago Bd. of Educ.,* **750 F.3d 663, 666 (7th Cir. 2014);** *Obriecht v. Raemisch***, 517 F.3d 489, 493-94 (7th Cir.),** *cert. denied,* **555 U.S. 953 (2008).**

In the case at bar, Allen's October 14, 2015 second motion to vacate dismissal order and judgment is construed under Rule 60(b). Rule 60(b) allows a district court to relieve a party from a final judgment or order on certain grounds, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or misconduct by the opposing party, or if the judgment is void or has been discharged. FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy" which should be granted "only in exceptional circumstances." *See Kathrein v. City of Evanston***, 752 F.3d 680, 690 (7th Cir. 2014).** *See also Gonzalez v. Crosby***, 545 U.S. 524, 536-38 (2005) (movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment).**

Here, Allen has articulated no ground justifying relief under Rule 60(b). He seeks to vacate the dismissal order (and the judgment which followed) but does not challenge the basis for that order -- *nonpayment of the filing fee*. Instead, Allen either is attempting to revisit the December 2014 denial of preliminary injunctive relief or endeavoring to present a new claim relating to his current physical condition. If the former, his appeal of this Court's denial was dismissed, so that door is closed. If the latter, he should file a new complaint presenting any fresh claim that his health is in

danger, at which point threshold review will be conducted along with an assessment of whether Allen qualifies to proceed IFP in the new lawsuit. But he has shown no basis to vacate the Court's August 2015 dismissal order and judgment under Rule 60(b).

Accordingly, the Court **DENIES** Plaintiff's second motion to vacate order and judgment (Doc. 181). The Court **DENIES AS MOOT** Plaintiff's motion for recruitment of counsel in this closed case (Doc. 182).

IT IS SO ORDERED.

DATED October 22, 2015.

> *s/ Michael J. Reagan*
> Michael J. Reagan
> United States District Judge